

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-40,677-02

### EX PARTE STEPHEN WARREN WILLIAMS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 94-68074-B IN THE 252ND DISTRICT COURT
### FROM JEFFERSON COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated robbery with a deadly weapon and sentenced to 25 years' imprisonment. The Ninth Court of Appeals affirmed his conviction. *Williams v. State,* No. 09-95-397-CR (Tex. App. –Beaumont, Nov. 5, 1997, pet. ref'd). He was released to parole and that parole was later revoked. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied time credit for periods when he was released on parole as well as time credit for periods of time that he was held pursuant to pre-revocation (blue) warrants. Applicant is not entitled to street time credit. TEX. GOV'T CODE § 508.283(b) and (c); *Ex parte*

*Spann,* 132 S.W.3d 390 (Tex. Crim. App. 2004). However, his claim concerning time credit for pre-revocation confinement may allege facts which if true entitle him to relief. *Ex parte Canada,* 754 S.W.2d 660, 668 (Tex. Crim. App. 1988). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. The response shall address the merits of the time credit claim. The response shall also state whether Applicant presented a claim to the time credit resolution system of the Texas Department of Criminal Justice and, if so, the date the claim was presented.

In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether, before filing this application, Applicant properly exhausted his administrative remedies as required by § 501.0081(b) of the Government Code. The court shall determine whether Applicant is entitled to and receiving credit for time spent in confinement under pre-revocation ("blue") warrants. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's

findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: June 30, 2021
Do not publish